A96A0527. RHODEN et al. v. DEPARTMENT OF PUBLIC SAFETY
et al.
(473 SE2d 537)

Judge Harold R. Banke.

In this civil rights action, Carmen Rhoden and George Huff sued Officers J. W. Knox and W. H. Mays of the Atlanta Police Department, several unnamed deputies, the City of Atlanta, and the Georgia Department of Public Safety, alleging Fourth Amendment violations as well as state law claims of malicious prosecution, false imprisonment, invasion of privacy, malicious arrest, assault and battery, intentional infliction of emotional distress, and negligence. After the trial court dismissed the claim against the Department of Public Safety on sovereign immunity grounds and the jury returned a defendants' verdict, this appeal ensued.

The underlying action arose during a football game at the Georgia Dome. As the 49ers crushed the Falcons, the crowd lost interest and began throwing paper airplanes, cups, and other materials. During the third quarter, after Huff and Rhoden tossed some airplanes and Huff threw a cup stuffed with beer and rags, Officer Knox

attempted to take Huff into custody. Rhoden, who was seated next to Huff, interfered with the arrest. Ultimately Knox, Mays, and others arrested Huff on charges of disorderly conduct while intoxicated and Rhoden on charges of interfering with Huff's arrest. Huff was transported to the hospital after his arrest with complaints of lower back pain, but chose arraignment over treatment. He ultimately was released without prosecution. Rhoden paid a fine, thereby pleading guilty. Huff and Rhoden claim the officers beat and arrested them without probable cause. *Held*:

1. Huff and Rhoden attempt to circumvent the General Assembly's specific refusal to waive the State's sovereign immunity for the intentional torts enumerated under OCGA § 50-21-24 (7) by alleging negligence on the part of the Department of Public Safety.[1] Their complaint alleged that the law enforcement officers were negligent for (1) making unlawful arrests without probable cause; (2) using excessive force; and (3) failing to prevent the use of excessive force.

Assuming, as we must in the procedural posture of this case, that one or more of the unnamed defendants who committed the purported negligence worked for the Department of Public Safety, under the facts alleged, it defies logic to classify the decision to effectuate the arrests or use excessive force as negligence, thereby denoting unintentional acts. *Lutz v. Foran*, 262 Ga. 819, n. 1 (427 SE2d 248) (1993); see *English v. Liberty Mtg. Corp.*, 205 Ga. App. 141, 142 (1) (421 SE2d 286) (1992). Any alleged losses arising from these actions were caused by the intentional acts alleged, not negligence. The State has no liability for such losses. *Dept. of Human Resources v. Hutchinson*, 217 Ga. App. 70, 71-72 (1) (456 SE2d 642) (1995).

Although the officers' alleged failure to interfere with the use of excessive force may state a cognizable negligence claim, such a claim as framed in the complaint is barred by sovereign immunity. The Georgia Tort Claims Act (the "Act") excludes from its waiver of sovereign immunity "losses resulting from . . . [t]he exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a state officer or employee, whether or not the discretion involved is abused." OCGA § 50-21-24 (2). The alleged failure to interfere cannot be characterized as anything but discretionary. The Act defines the term discretionary as "a function or duty requiring a state officer or employee to exercise his or her policy judgment in choosing among alternate courses of action based upon a consideration of social, political, or economic factors." OCGA § 50-21-22 (2). The alleged decision not to interfere with the arrests at issue

---

[1] Rhoden and Huff do not appeal the dismissal of their intentional tort claims or their action under 42 USC § 1983.

called for such consideration. See *Ferguson v. City of Doraville*, 186 Ga. App. 430, 432 (367 SE2d 551) (1988), overruled in part on other grounds, *Vogtle v. Coleman*, 259 Ga. 115, 119 (3) (376 SE2d 861) (1989); see *McLemore v. City Council of Augusta*, 212 Ga. App. 862, 865 (4) (443 SE2d 505) (1994) (responses to emergencies are discretionary in official immunity analysis); see *Joyce v. Van Arsdale*, 196 Ga. App. 95, 96 (395 SE2d 275) (1990) (distinguishing between ministerial and discretionary acts in official immunity analysis). Because Huff and Rhoden failed to satisfy their burden of establishing that the Department of Public Safety waived its sovereign immunity, we affirm the trial court. *McLemore*, 212 Ga. App. at 864 (2) (c).

2. The trial court did not commit reversible error when instructing the jury on joint and several liability. The record shows that the court's initial instruction properly tracked OCGA § 51-12-31 and was provided to the jury in writing. The jury then interrupted its deliberations to inquire whether the arresting officer (Knox) could be held responsible for the abuses committed by his fellow officers. When the court responded by referring the jury to the portion of the charge it had given on joint and several liability and stating that the officers whose actions were at issue were Knox and Mays, Huff and Rhoden failed to object. They now argue that the court should have instructed that the unnamed defendants were joint tortfeasors. In the absence of an objection, however, the issue is waived. OCGA § 5-5-24 (a); see *Crawford v. Presbyterian Home*, 216 Ga. App. 54, 55 (2) (453 SE2d 480) (1995).

*Judgment affirmed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED JUNE 24, 1996.

*Smith, Wallis & Scott, Christopher B. Scott*, for appellants.

*Michael J. Bowers, Attorney General, Mary B. Westmoreland, Deputy Attorney General, Neal B. Childers, John C. Jones, Senior Assistant Attorneys General, Jesse L. Echols*, for appellees.