A97A0202. BONTWELL et al. v. DEPARTMENT OF CORRECTIONS et al.
(486 SE2d 917)

McMURRAY, Presiding Judge.

The case sub judice is controlled by the holdings in *Dept. of Transp. v. Brown*, 267 Ga. 6, 7 (1) (471 SE2d 849); *Merrow v. Hawkins*, 266 Ga. 390, 391-392 (467 SE2d 336); *Gilbert v. Richardson*, 264 Ga. 744, 745 (1), 746 (452 SE2d 476); *Donaldson v. Dept. of Transp.*, 262 Ga. 49, 53 (3) (414 SE2d 638); *Amdahl Corp. v. Dept. of Admin. Svcs.*, 260 Ga. 690, 698 (4) (398 SE2d 540); *Henderson v. Dade Coal Co.*, 100 Ga. 568, hn. 3 (28 SE 251); *Rhoden v. Dept. of Public Safety*, 221 Ga. App. 844, 845 (1) (473 SE2d 537); *Davis v. Dublin City Bd. of Ed.*, 219 Ga. App. 121, 122 (3), 123 (464 SE2d 251); and, the persuasive authority of *Lovins v. Lee*, 53 F3d 1208, 1209 (II), 1210 (11th Cir. 1995).

On June 24, 1991, plaintiffs Teresa Goodman Bontwell, Maurice Averial Owens, and Harry J. Owens, Jr., individually and as the heirs of Martha Sue Rayburn, deceased, brought this wrongful death action against defendants, the Georgia Department of Corrections ("DOC") and its Commissioner, David C. Evans; Terrell County, Georgia, and its county commissioner, Wilbur T. Gamble, Jr.; James Kilgore, Warden of Terrell County Correctional Institute, and Tommy Dean in their individual and official capacities. According to the complaint, on July 12, 1989, plaintiffs' decedent and her guest, Robert Sutton, were "viciously attacked in her residence and [Martha Sue Rayburn] died as a result of massive blunt trauma injuries inflicted by a hammer or bat which fractured her skull and jaw by a person who broke into her home." The assailant allegedly was an inmate in

the custody of the DOC and Terrell County. Defendant Tommy Dean, a Terrell County guard, (allegedly) condoned the practice whereby inmates on work detail outside the Terrell County Correctional Institute ("TCCI") in Dawson, Georgia, were able to leave their assigned duties. While unsupervised, the inmates would "[search] the adjacent areas for property to trade or barter for drugs." One inmate, "Benjamin Zellner was arrested and subsequently indicted for the offense of the murder of Martha Sue Rayburn. . . ." Benjamin "Zellner [purportedly] had prior convictions for crimes involving force. . . ."

"The [alleged] practice of allowing prisoners to search and burglarize residences for money and property in order to purchase drugs on their way back to [TCCI] was common knowledge and known or should have been known by all Defendants. . . ." "The acts, conduct, and negligence of Defendant Dean [were] imputed to Defendant Terrell County and Defendant [James] Kilgore[, Warden of TCCI]." Also, Terrell County allegedly was "negligent and wantonly reckless in the hiring, retaining, supervising, training, and disciplining of Defendant Dean. . . ." Warden Kilgore allegedly "failed to adhere to the Rules of the Board of Corrections by employing guards with prior drug convictions, failing to compel employees to obtain state certification, failing to monitor employees for drug use, failing to establish adequate shake down procedures for drugs or weapons, allowing convicted felons access to dangerous weapons and in improperly assigning . . . eight prisoners with felony convictions to outside unsupervised work details, all of which [led] to the death of [plaintiffs' decedent,] Martha Sue Rayburn." This amounted to "the [Warden's] improper and neglectful discharge of those duties imposed by law."

"Prior to July 12, 1989, Defendant [DOC] was aware that [TCCI] was not in compliance and was in violation of rules regarding security, proper supervision, weapons control, certification of guards, and unregulated use of violent prisoners in or near areas open to the public." With reasonable investigation, DOC "should have known that State prisoners incarcerated at [TCCI] were permitted to escape, steal, burglarize residences, purchase and sell drugs, and to leave outside work details at will without discipline." DOC "failed to exercise due care, to ensure proper security measures at [TCCI] and negligently allowed the aforementioned violations to exist with reckless disregard for the safety and well being of the unsuspecting public." Count 5 of plaintiffs' complaint alleged a constitutional tort in that the "procedure whereby convicted felons were provided with weapons and transported to residential communities to perform work projects constitutes a custom or policy adopted by the Defendants . . . which [allegedly] deprive[d] the citizens of Georgia and particularly the deceased of State Constitutional Rights. . . ." An amendment also

alleged violations of 42 USC § 1983.

Defendants denied the material allegations. After extensive discovery, the trial court heard various motions for summary judgment.

On April 23, 1993, the trial court granted summary judgment to defendants Terrell County; Wilbur T. Gamble, Jr.; DOC and David C. Evans as to plaintiffs' state law tort claims, on the basis of sovereign immunity. On December 1, 1993, the trial court granted summary judgment to defendants Terrell County and Wilbur T. Gamble, Jr., as to plaintiffs' federal claims under 42 USC § 1983. On February 28, 1996, the trial court granted summary judgment to DOC and David C. Evans as to plaintiffs' federal claims under 42 USC § 1983. This direct appeal followed. OCGA §§ 9-11-56 (h); 5-6-34 (d). In ten related enumerations, plaintiffs object to the various grants of partial summary judgment, and in three related enumerations object to the denial of their motion to compel discovery. *Held*:

1. Plaintiffs' brief in support of their 13 enumerations of error fails to comply with Court of Appeals Rule 27 (c) (1), which requires that the "sequence of argument or arguments in the briefs shall follow the order of the enumeration of errors, and shall be numbered accordingly." Scrutiny of that brief reveals no citation of authority or argument offered in support of the fourth enumeration of error. That enumeration is, therefore, deemed abandoned. Court of Appeals Rule 27 (c) (2).

2. "In 1991, the constitutional doctrine of sovereign immunity was amended to extend sovereign immunity 'to the state and all of its departments and agencies,' and this immunity is to prevail except as specifically provided therein. Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e)." *Gilbert v. Richardson*, 264 Ga. 744, 745 (1), 746, supra. That constitutional provision further states: "The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." The 1991 amendment "became effective on January 1, 1991." *Donaldson v. Dept. of Transp.*, 262 Ga. 49, 53 (3), supra. Plaintiffs' seventh enumeration contends the trial court erred in granting summary judgment to DOC on the state law tort claims, arguing the admitted existence of liability insurance amounted to a waiver of sovereign immunity. This contention is without merit.

"Under Georgia law, the waiver of sovereign immunity occurs at the time that the action [is commenced], not at the time that the negligent act was committed. *Ethridge v. Price*, 194 Ga. App. 82 (389 SE2d 784) (1989). [Consequently,] the [S]tate may withdraw its waiver of sovereign immunity at any time before a citizen acts in reliance on that waiver by filing suit. A waiver of sovereign immunity is binding on the [S]tate with respect to any pending action." *Donald-*

*son v. Dept. of Transp.*, 262 Ga. 49, 53 (3), supra. In the case sub judice, the complaint was not filed until June 24, 1991. Under the law in effect at the time the action was commenced, the existence of liability insurance no longer amounted to a waiver of sovereign immunity under 1983 Georgia Constitution, Art. I, Sec. II, Par. IX (e). *Davis v. Dublin City Bd. of Ed.*, 219 Ga. App. 121, 122 (3), 123, supra.

3. It follows that the trial court did not err in also granting summary judgment to Terrell County despite fact questions surrounding the possibility of liability insurance. Such a fact question is not relevant or material to a determination of the county's sovereign immunity under existing law. *Davis v. Dublin City Bd. of Ed.*, 219 Ga. App. 121, 122 (3), 123, supra. The third enumeration is without merit.

4. The fifth and sixth enumerations contend the trial court erred "in holding DOC Commissioner [defendant David C. Evans] was not negligent for his failure to properly review, supervise and direct his immediate subordinates . . . and [his failure] to take adequate steps to correct the ongoing problem of unsupervised medium security state inmates at TCCI[,]" and in further holding that Commissioner Evans was "not liable as a matter of law due to the intervening criminal act of a third party." Similarly, the first and second enumerations complain of the grant of summary judgment to defendant Terrell County Commission Chairman Wilbur T. Gamble, Jr., arguing the evidence showed defendant's "failure to exercise due care in the selection of his subordinates charged with the *ministerial* duty of keeping medium security state prisoners under constant supervision,] and also showed defendant Gamble's "wanton failure to correct [the alleged] persistent security infractions by leaving medium security state inmates unsupervised." (Emphasis supplied.)

(a) "The Georgia Tort Claims Act (the 'Act') excludes from its waiver of sovereign [and official] immunity 'losses resulting from . . . (t)he exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a state officer or employee, whether or not the discretion involved is abused.' OCGA § 50-21-24 (2)." *Rhoden v. Dept. of Public Safety*, 221 Ga. App. 844, 845 (1) (473 SE2d 537). The Act contains a "definition of discretionary function or duty: 'a function or duty requiring a state officer or employee to exercise his or her policy judgment in choosing among alternate courses of action based upon a consideration of social, political, or economic factors.' OCGA § 50-21-22 (2)." *Dept. of Transp. v. Brown*, 267 Ga. 6, 7 (1), supra.

Contrary to plaintiffs' contention, the operation of a state or county correctional institute and the related supervision of convicts on work details outside the boundaries of that correctional institute, including the degree of training and supervision to be provided over its officers, is a *discretionary* governmental function of the DOC and

through it, the county warden, as opposed to a ministerial, proprietary, or administratively routine function. *Price v. Owen,* 67 Ga. App. 58, 61 (19 SE2d 529). See *McDay v. City of Atlanta*, 204 Ga. App. 621 (1) (420 SE2d 75); *Vertner v. Gerber*, 198 Ga. App. 645, 647 (402 SE2d 315). See also *Merrow v. Hawkins,* 266 Ga. 390, 391 (1), n. 3, supra. Evidence that TCCI was deliberately established by Terrell County as a money-making venture, whereby the county was paid by the State to house and supervise state prisoners who in turn were employed as a low-cost labor pool, does not change this governmental function from a discretionary one to a proprietary one. Such a decision could be reached only by choosing among alternatives after consideration of social, political, and economic factors.

In our view, the allegations of prolonged neglectful supervision, assuming they are true, would establish, at best, a gross abuse of discretion. But such an abuse of discretion would not amount to that "actual malice or . . . actual intent to cause injury in the performance of their official functions . . ." as would lift the shield protecting those who exercise a governmental discretion. 1983 Ga. Const., Art. I, Sec. II, Par. IX (d); OCGA § 50-21-24 (2). "[T]he term 'actual malice,' as set forth in the 1991 amendment, . . . denote[s] 'express malice or malice in fact.' [Cit.]" *Merrow v. Hawkins*, 266 Ga. 390, 391 (2), 392, supra. It follows that, in the case sub judice, any misfeasance or nonfeasance in the oversight exercised by defendant DOC Commissioner David C. Evans or defendant Terrell County Commission Chairman Wilber T. Gamble, Jr. is protected by the doctrine of official immunity and the trial court's grant of summary judgment to these individual defendants as to plaintiffs' state law tort claims is correct. Id. at 392 (3). Accord *City of Atlanta v. McKinney*, 265 Ga. 161, 166 (4) (454 SE2d 517); *Kelly v. Lewis*, 221 Ga. App. 506, 507 (471 SE2d 583).

(b) Alternatively, even if the operation of a state or county correctional institute were not a discretionary function under the Georgia Tort Claims Act, any neglect on the part of DOC Commissioner David C. Evans or of Terrell County Commission Chairman Wilbur T. Gamble, Jr. would not be the proximate cause of the violent death of plaintiffs' decedent at the hands of an escaped felon. This issue is controlled adversely to plaintiffs by the decision of the Supreme Court of Georgia in *Henderson v. Dade Coal Co.*, 100 Ga. 568, hn. 3, supra. The trial court's grant of summary judgment was correct for this reason as well. The sixth enumeration is without merit.

5. "Regarding [plaintiffs'] claim for relief under 42 USC § 1983 we conclude, based on *Will v. Michigan Dept. of State Police*, [491] U. S. [58] (109 SC 2304, 105 LE2d 45) (1989), that the trial court properly granted summary judgment to [DOC] and its commissioner[, defendant David C. Evans]. [Cit.]" *Amdahl Corp. v. Dept. of*

*Admin. Svcs.*, 260 Ga. 690, 698 (4), supra. See also *Thompson v. Dept. of Transp.*, 209 Ga. App. 353, 354 (2) (433 SE2d 623). The tenth enumeration is without merit.

6. In the eighth and ninth enumerations, plaintiffs contend the trial court erred in granting summary judgment to defendant Terrell County as to plaintiffs' federal claims under 42 USC § 1983. They argue plaintiffs' decedent met the required standard for the "special relationship" exception to the general rule that the Due Process Clause does not entitle a citizen to be protected from violence at the hands of non-governmental actors. We disagree, finding their arguments are without merit upon our consideration of persuasive authority from the United States Court of Appeals for the Eleventh Circuit.

In *Lovins v. Lee*, 53 F3d 1208, 1209 (II), 1210, supra, the Eleventh Circuit explained that the exception relied upon in the case sub judice "is limited to circumstances in which there is a special relationship between the government and the victim of violence or mistreatment, a circumstance that is lacking in the present case." The "special relationship" exception " 'stand[s] only for the proposition that when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being.' [Cit.]" Id.

In the case sub judice, since the government placed no restrictions upon the liberty of plaintiffs' decedent to act on her own behalf, it assumed no corresponding responsibility for her safety and well-being. Consequently, "[t]here was no special relationship between her and the county; she was in all respects a member of the general citizenry." *Lovins v. Lee*, 53 F3d 1208, 1209 (II), 1210, supra.

7. Plaintiffs' final three enumerations, regarding the denial of their motions to compel discovery, have been considered and are found to be moot in light of our previous rulings.

*Judgment affirmed. Beasley and Smith, JJ., concur in the judgment only.*

DECIDED MAY 22, 1997.
Before Judge Etheridge.

*Robert H. Benfield, Jr.*, for appellants.

*Michael J. Bowers, Attorney General, Daryl A. Robinson, Deputy Council to the Attorney General, George P. Shingler, Deputy Attorney General, John C. Jones, Senior Assistant Attorney General, Hawkins & Parnell, Kimberly Houston Ridley*, for appellees.