A98A0883. PARRISH v. AKINS et al.
(504 SE2d 276)

POPE, Presiding Judge.

On the morning of March 1, 1994, Henry Jones, a correctional officer for the Bulloch County Correctional Institute (BCCI), was in charge of supervising six inmates working at the courthouse annex in Statesboro. The six inmates, state prisoners being housed at BCCI, had been working under Officer Jones' supervision at the annex for a week. Two of the inmates, Michael Jones and Paul Vickery, had worked without incident on Officer Jones' work detail for six months prior to March 1. On that date, Michael Jones, Paul Vickery and two other inmates were assigned to clean windows and scrape paint on the south side of the annex. While those four inmates worked on the south side of the building, Officer Jones spent forty to fifty minutes teaching two other inmates how to lay brick walls around a radio tower near the southwest corner of the annex. During those 40 to 50 minutes, Officer Jones was approximately 75 to 100 feet away from the inmates on the south side of the annex and his view of them was obstructed by a large tree. As Officer Jones helped lay the brick, Michael Jones and Paul Vickery fled from the work site. The following morning, Michael Jones and Paul Vickery attacked Susie Parrish and stole her car. Both escapees were eventually found and taken back into custody.

Parrish subsequently sued, among others, Officer Jones and BCCI Warden John Akins, alleging that they were negligent in supervising the inmates who attacked her. Officer Jones and Warden Akins moved for summary judgment, in part, on the basis of their official immunity as government employees. The trial court granted the motion. Parrish appeals from the court's order granting summary judgment to Jones and Akins.

1. Parrish claims that Officer Jones is not protected by official immunity because his supervision of the inmates working at the annex was a ministerial, rather than a discretionary, function. Parrish bases this claim on the fact that state regulations adopted by

BCCI mandate that an officer keep medium security prisoners, such as Michael Jones and Paul Vickery, under constant supervision when they are outside the prison. Contrary to Parrish's claim, the mere fact that supervising the prisoners is a mandatory function does not render the actual carrying out of the supervision a ministerial function unprotected by official immunity.

"The doctrine of official immunity . . . provides that while a public officer or employee may be personally liable for his negligent ministerial acts, he may not be held liable for his discretionary acts unless such acts are wilful, wanton, or outside the scope of his authority. [Cits.]" *Gilbert v. Richardson*, 264 Ga. 744, 752 (6) (452 SE2d 476) (1994). "A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed." (Citation and punctuation omitted.) *Schmidt v. Adams*, 211 Ga. App. 156, 157 (438 SE2d 659) (1993). "Whether the acts upon which liability is predicated are ministerial or discretionary is determined by the facts of the particular case. [Cit.]" *Woodard v. Laurens County*, 265 Ga. 404, 407 (2) (456 SE2d 581) (1995).

The facts of the instant case show that Jones' supervision of inmates working outside the correctional institution was not a simple act requiring the mere execution of a specific duty, but was instead a difficult function that called for Jones to exercise his personal judgment. Even before going out on a work detail Jones exercised his judgment by deciding whether to request a particular inmate for the detail based on the inmate's work skills, security classification, and criminal history. See *Vertner v. Gerber*, 198 Ga. App. 645, 646-647 (402 SE2d 315) (1991). At the work site, according to Warden Akins' uncontroverted deposition testimony, it was Jones' responsibility to use his discretion to decide exactly how to supervise the inmates. It is true, as Parrish notes, that the state regulations used by BCCI gave Officer Jones some guidance by directing him to keep medium security inmates such as Michael Jones and Paul Vickery under constant supervision. But the regulations give no explicit procedures that an officer must follow in order to execute the duty of constant supervision.

Moreover, the regulations provide: "The Correctional Officer or Supervisor in charge of each work detail shall be charged with the responsibility for maintaining custody, assuring discipline, achieving productivity, the care, control and maintenance of equipment, and the safety of both inmates and the general public." It is clear from these regulations that an officer supervising inmates on a work

detail has many responsibilities beyond simply watching inmates. Officer Jones had to determine for himself how to meet all of these responsibilities while supervising the six inmates at the courthouse annex. He decided to have four of the inmates work on the south side of the building while he taught two others how to lay brick on the southwest corner of the annex. This decision was fully within his judgment as the officer placed in charge of supervising the inmates.

The Georgia courts have found various acts of officers charged with the duty of supervising people in custody to be discretionary. See *Merrow v. Hawkins*, 266 Ga. 390, 391 (1) (467 SE2d 336) (1996) (jailer exercised discretionary power when he gave the keys of a car to be washed to an inmate); *McDay v. City of Atlanta*, 204 Ga. App. 621, 622 (2) (420 SE2d 75) (1992) (officer used discretion to remove handcuffs from a suspect during a custodial interview). In *Price v. Owen*, 67 Ga. App. 58, 63 (19 SE2d 529) (1942), this Court found that a warden used his discretion to allow convicts to work unsupervised outside a public-works camp. Relying on *Price*, we have said that "the operation of a . . . county correctional institute and the related supervision of convicts on work details outside the boundaries of that correctional institute, including the degree of training and supervision to be provided over its officers, is a discretionary governmental function of . . . the county warden, as opposed to a ministerial, proprietary, or administratively routine function." (Citations, punctuation and emphasis omitted.) *Bontwell v. Dept. of Corrections*, 226 Ga. App. 524, 527-528 (4) (a) (486 SE2d 917) (1997) (physical precedent only). Under the circumstances of the instant case, we find that the task given to Officer Jones to supervise inmates working outside BCCI was a discretionary, as opposed to a ministerial, function.

Because Officer Jones was carrying out a discretionary function, he is protected by official immunity and cannot be held liable unless he acted maliciously. *Merrow v. Hawkins*, 266 Ga. at 391 (2); *Woodard v. Laurens County*, 265 Ga. at 406 (2). The record is devoid of any evidence that Jones acted with malice. At most, his decision to allow inmates Jones and Vickery to work on one side of the building while he helped other inmates located around the corner of the building was negligent. "[O]fficial immunity is intended to protect public officials in the honest exercise of their judgment, however erroneous or misguided that judgment may be. Otherwise, not only would it be difficult to get responsible men to fill public office, but there would be constant temptation to yield officially to unlawful demands, lest private liability be asserted and enforced." (Citations and punctuation omitted.) *Hemak v. Houston County*, 220 Ga. App. 110, 112 (469 SE2d 679) (1996). Here, any error by Officer Jones was made in the honest exercise of his judgment. Because Officer Jones' supervision of inmates working outside the prison was a discretionary duty exe-

cuted without malice, the trial court correctly granted summary judgment to him on the basis of his official immunity.

2. Parrish contends that Warden Akins is not protected by official immunity because a warden is liable for his negligent supervision of subordinates engaged in a ministerial duty. See *Nelson v. Spalding County*, 249 Ga. 334, 337 (2) (a) (290 SE2d 915) (1982). Parrish reasons that Akins can therefore be held liable for Officer Jones' negligent supervision of the inmates, which was a ministerial duty. This reasoning is without merit because, as discussed in Division 1 of this opinion, Officer Jones' supervision of the inmates was a discretionary, rather than a ministerial, function. Accordingly, the trial court correctly found that Warden Akins is protected by official immunity. *Bontwell*, 226 Ga. App. at 527-528 (4) (a).

3. Because of our holdings in Divisions 1 and 2, we need not address Parrish's arguments regarding proximate cause.

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED JULY 15, 1998 — ▮▮▮▮▮▮▮

*Edenfield, Cox & Classens, Gerald M. Edenfield, Susan W. Cox, Michael J. Classens*, for appellant.

*Thurbert E. Baker, Attorney General, Kimberly L. Schwartz, Assistant Attorney General, Whelchel, Brown, Readdick & Bumgartner, Terry L. Readdick, Richard K. Strickland*, for appellees.