S98G1804. PARRISH v. STATE OF GEORGIA et al.
(514 SE2d 834)

BENHAM, Chief Justice.

This appeal arises from an action for personal injuries suffered by Parrish when she was assaulted by two prisoners who had escaped from a work detail being supervised by Jones. Two of the defendants, Jones and his supervisor, were granted summary judgment on the ground of official immunity.[1] The Court of Appeals affirmed that judgment (*Parrish v. Akins,* 233 Ga. App. 442 (504 SE2d 276) (1998)), and this Court granted the writ of certiorari to consider the apparent conflict between the decisions of the Court of Appeals in this case and in *Bontwell v. Dept. of Corrections,* 226 Ga. App. 524 (486 SE2d 917) (1997), and its decision in *Simmons v. Coweta County,* 229 Ga. App. 550 (c) (494 SE2d 362) (1997), reversed in part on other grounds in *Coweta County v. Simmons,* 269 Ga. 694 (507 SE2d 440) (1998).[2]

The posture of the defendants in the cases is identical: each is a person responsible for supervision of a prisoner work detail who is accused of negligence in the performance of that duty. The holdings of

---

[1] Except as specifically provided by the General Assembly in a State Tort Claims Act, all officers and employees of the state or its departments and agencies may be subject to suit and may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions. Except as provided in this subparagraph, officers and employees of the state or its departments and agencies shall not be subject to suit or liability, and no judgment shall be entered against them, for the performance or nonperformance of their official functions. The provisions of this subparagraph shall not be waived.
Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d).

[2] We reviewed *Simmons* only on the issue of the final holding that a defendant was liable, rather than holding that the defendant may have been liable.

the Court of Appeals in this case and in *Bontwell* are, however, diametrically opposed to its holding in *Simmons*. There, the Court of Appeals held that "[d]irecting, supervising, and guarding a routine detail of correctional inmates in picking up trash and cutting grass along a county road involves no discretion and was ministerial in nature as a matter of law." *Simmons*, supra at 554. By contrast, the Court of Appeals held in *Bontwell* that "the . . . supervision of convicts on work details outside the boundaries of [a] correctional institute . . . is a discretionary governmental function . . . as opposed to a ministerial, proprietary, or administratively routine function." Id. at 527. In its opinion in the present case, the Court of Appeals cited *Bontwell* and held that under the circumstances of this case "the task given to Officer Jones to supervise inmates working outside [the prison] was a discretionary, as opposed to a ministerial, function." *Parrish*, supra at 444.

The reasoning of the Court of Appeals in *Parrish* is persuasive, pointing out that the guard had to exercise discretion in deciding on the makeup of the detail, in determining how to supervise the inmates, and in balancing the responsibilities imposed by regulation "for maintaining custody, assuring discipline, achieving productivity, the care, control and maintenance of equipment, and the safety of both inmates and the general public." Id. at 443.

The opinion in *Simmons*, on the other hand, does not contain any reasoning to support the conclusion that the officer's duties were ministerial as a matter of law. Moreover, the very verbs used in *Simmons* to describe the guard's duties, "[d]irecting, supervising, and guarding . . .," fit very well in the reasoning employed by the Court of Appeals in the present case: In the context of a prisoner work detail, those duties contain inherent conflicts between the need to get work done and the need to maintain security. In *Simmons*, as in the present case and in *Bontwell*, the guard was required to exercise judgment in choosing the priority to be assigned to those diverse responsibilities.

We also note that the positions taken by the Court of Appeals in this case and in *Bontwell* are well supported by authority. See *Merrow v. Hawkins*, 266 Ga. 390 (1) (467 SE2d 336) (1996); *McDay v. City of Atlanta*, 204 Ga. App. 621 (2) (420 SE2d 75) (1992); *Vertner v. Gerber*, 198 Ga. App. 645 (402 SE2d 315) (1991); *Price v. Owen*, 67 Ga. App. 58 (19 SE2d 529) (1942). The holding in *Simmons*, by contrast, though accompanied by citation of statutes and cases, is without direct support in the authority cited therein or elsewhere.

We conclude from our consideration of the Court of Appeals's opinions in this case, in *Bontwell*, and in *Simmons,* that the correct holding in these three indistinguishable cases is the holding in this case and in *Bontwell* that the supervision of a prisoner work detail is

a discretionary function by virtue of which the supervisor is entitled to official immunity. Consequently, the judgment of the Court of Appeals in the present case is affirmed and its holding in *Simmons* is overruled.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 12, 1999.

*Edenfield, Cox & Classens, Gerald M. Edenfield, Susan W. Cox, Michael J. Classens, Mary E. Adams,* for appellant.

*Thurbert E. Baker, Attorney General, Kimberly L. Schwartz, Assistant Attorney General, Whelchel, Brown, Readdick & Bumgartner, Terry L. Readdick, Richard K. Strickland,* for appellees.