A92A0561. McDAY v. CITY OF ATLANTA et al.
(420 SE2d 75)

CARLEY, Presiding Judge.

The undisputed material facts in this wrongful death action are as follows: Appellee-defendants Carl Price and S. C. Cartwright, who are police officers of appellee-defendant City of Atlanta, arrested appellant-plaintiff's decedent, Robert Wadley, on a charge of murder. The suspected murder weapon, a loaded pistol, was confiscated from Wadley's residence. Wadley was handcuffed, and brought to a police station for questioning. There, Officer Price placed on the desk in his office two unsealed evidence envelopes. One envelope contained Wadley's pistol, which had been unloaded, and the other envelope contained the bullets. Meanwhile, Wadley had been taken into an interview room where, after being uncuffed and questioned, he gave a statement admitting the shooting, but claiming self-defense. Wadley was then left unattended and unrestrained while he examined his transcribed statement. Unobserved, he left the interview room and entered Officer Price's office, which was unlocked and unoccupied. There, he removed the pistol from the evidence envelope on the desk, loaded it with the bullets from the other envelope, and shot himself.

On this evidence, the trial court granted summary judgment in favor of appellees. Appellant appeals, urging that genuine issues of material fact remain as to her right to recover for the death of Wadley.

1. As against appellee-defendant former Police Chief Redding, the complaint alleges a claim of direct liability in that he failed adequately to "train and supervise [Officers] Price and Cartwright. . . ." OCGA § 36-33-4.

The operation of a police department, including the degree of training and supervision to be provided its officers, is a discretionary governmental function of the municipality as opposed to a ministerial, proprietary, or administratively routine function. See *City of Atlanta v. Fry*, 148 Ga. App. 269 (251 SE2d 90) (1978), aff'd 243 Ga. 517 (255 SE2d 48) (1979); *Peeples v. City of Atlanta*, 189 Ga. App. 888, 890-891 (377 SE2d 889) (1989). " 'It is a well-established principle that a public official who fails to perform purely ministerial duties required by law is subject to an action for damages by one who is injured by his omission. However, it is equally well established that "where an officer is invested with discretion and is empowered to exercise his judgment in matters brought before him, he is sometimes called a quasi-judicial officer, and when so acting he is usually given

immunity from liability to persons who may be injured as a result of an erroneous decision; provided the acts complained of are done within the scope of the officer's authority, and *without wilfulness, malice, or corruption.*" ' " (Emphasis in original.) *Hennessy v. Webb*, 245 Ga. 329, 330-331 (264 SE2d 878) (1980). "The record in the present case is utterly devoid of any conduct by [Chief Redding] which could remotely be construed as being sufficient to lift the shield that protects public officers acting colore officii." *Partain v. Maddox*, 131 Ga. App. 778, 785 (206 SE2d 618) (1974). Accordingly, the trial court correctly granted summary judgment in favor of Chief Redding. Merely styling a suit against a public officer as one brought against him personally does not deprive him of any immunity to which he might otherwise be entitled for his official acts. *Hennessy v. Webb*, supra at 331.

2. There is unrebutted evidence that the decision whether to uncuff a suspect during a custodial interview is within the discretion of the officer. Absent evidence of malice, wilfulness, or corruption, a public officer is afforded immunity from liability to those who may be injured by the exercise of his discretion in the performance of his official duties. *Hennessy v. Webb*, supra at 330-331. Officers Price and Cartwright failed to anticipate and prevent the suicide of Wadley, but the evidence is undisputed that they had no prior notice of the likelihood of that act. Their mere failure to anticipate an unforeseeable act is not evidence of malice, wilfulness, or corruption such as would vitiate the immunity to which they are entitled. Accordingly, the trial court correctly granted summary judgment in favor of Officers Price and Cartwright.

3. The city is not vicariously liable for the acts attributed to the police officers. "A municipal corporation shall not be liable for the torts of policemen or other officers engaged in the discharge of the duties imposed on them by law." OCGA § 36-33-3; *Cook v. Mayor &c. of Macon*, 54 Ga. 468, 469 (1875).

Likewise, the failure to provide a holding center at the police station would not authorize a recovery based upon the city's direct liability. "Municipal corporations shall not be liable for failure to perform or for errors in performing their legislative or judicial powers. For neglect to perform or improper or unskillful performance of their ministerial duties, they shall be liable." OCGA § 36-33-1 (b). "In erecting and maintaining a city prison [or a police station] a municipal corporation is exercising a purely governmental function, and is, therefore, not liable in damages to a person arrested and imprisoned therein by its police officers, for injuries sustained by him, while so confined, by reason of the improper construction or negligent maintenance of such prison [or station]." *Gray v. Mayor &c. of Griffin*, 111 Ga. 361 (1) (36 SE 792) (1900). See also *Archer v. City of Austell*, 68

Ga. App. 493 (1) (23 SE2d 512) (1942). The mere failure to provide a holding cell is not a nuisance, for which a municipality may be liable to one allegedly injured thereby. Compare *Winston v. City of Austell*, 123 Ga. App. 183, 185 (6) (179 SE2d 665) (1971). "That which the law authorizes to be done, if done as the law authorizes, cannot be a nuisance. [Cits.]" *Mayor &c. of Savannah v. Palmerio*, 242 Ga. 419, 425 (3b) (249 SE2d 224) (1978). Accordingly, the trial court correctly granted summary judgment to the City.

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED JUNE 10, 1992 —
RECONSIDERATION DENIED JUNE 23, 1992 — 

*Katrina L. Breeding,* for appellant.

*June D. Green, Overtis H. Brantley, Michael V. Coleman,* for appellees.