A97A0155. DIAZ v. GWINNETT COUNTY et al.
(485 SE2d 42)

Judge Harold R. Banke.

Jose E. Diaz appeals the summary judgment granted on the basis of sovereign immunity to two Gwinnett County employees.

Asserting that he contracted hepatitis B while performing undercover narcotics investigative work, Diaz sued Gwinnett County ("County"), his supervisors, Steven F. Schildecker, the director of the Gwinnett County Department of Public Safety, and Wayne Bolden, the Chief of Police of Gwinnett County, in their individual and official capacities. Diaz contended that he contracted hepatitis B during the summer of 1991 when he came into contact with a known drug dealer, Larry "Butch" Harris, who had a severe cough.[1] After discovering that Harris was positive for HIV and infected with hepatitis B, Diaz requested and obtained blood tests in November 1991 for both diseases, testing positive only for the latter.

Diaz asserted claims for intentional infliction of emotional distress, and breach of private and public duties.[2] Diaz alleged that Schildecker and Bolden knowingly and consciously refused to comply with the requirements of OCGA § 31-35-1 et seq. The gravamen of

---

[1] Diaz offered no medical evidence that hepatitis B could be transmitted through casual contact.

[2] A federal court dismissed Diaz's federal constitutional claims.

Diaz's complaint is that Schildecker and Bolden breached an affirmative duty based on OCGA § 31-35-1 to vaccinate him against hepatitis B. Diaz alleged that the County officials knowingly and intentionally failed to inform public safety officers about the dangers of hepatitis B, failed to provide vaccinations at County cost and failed to seek funding for hepatitis vaccinations. *Held*:

Diaz's sole enumeration is that summary judgment was erroneously granted because factual issues remain for jury resolution. Pretermitting consideration of whether Diaz's claims are barred by the exclusive remedy provision of the workers' compensation statute, or whether they are barred by the statute of limitation for tort claims, we find that Schildecker and Bolden are entitled to summary judgment as a matter of law.

Although a county's sovereign immunity for torts can be waived by legislative act, Diaz cites no authority for the proposition that OCGA § 31-35-1 et seq. was enacted to accomplish that purpose. See *Gilbert v. Richardson*, 264 Ga. 744, 748 (3) (452 SE2d 476) (1994). In fact, a plain reading of the statute shows that it did not create a general duty for counties to vaccinate certain specified county employees. See OCGA § 31-35-1 et seq. Rather, the statute only requires a county to vaccinate "at the request of the . . . public safety officer for protection against hepatitis B." OCGA § 31-35-3. By enacting this statute, the legislature ensured that payment for vaccinations will be borne by the employing entity or by the governing authority. Id.

Notwithstanding his claim to the contrary, Diaz failed to show that either public official owed a duty to him or breached that duty. *Bradley Center v. Wessner*, 250 Ga. 199, 200 (296 SE2d 693) (1982). Diaz failed to offer any evidence establishing the existence of a special relationship between him and the public officials or an affirmative undertaking taken on his behalf. *City of Rome v. Jordan*, 263 Ga. 26, 29 (2) (426 SE2d 861) (1993) (special relationship created by making: (1) explicit assurance through promises or actions to act on party's behalf; (2) knowledge that inaction could lead to harm; and (3) injured party shows his justifiable or detrimental reliance on affirmative undertaking).

Nor is this a case where a ministerial act was negligently performed or a ministerial or discretionary act was performed with malice, an intent to injure, or wilfulness. *Gilbert*, 264 Ga. at 753 (6); see *McDay v. City of Atlanta*, 204 Ga. App. 621, 622 (2) (420 SE2d 75) (1992). Diaz offered no evidence that Schildecker or Bolden performed their discretionary duties corruptly or acted maliciously toward him or recklessly disregarded his safety. See *Logue v. Wright*, 260 Ga. 206 (392 SE2d 235) (1990). Although Diaz claimed that County training officers were instructed not to inform employees about the provisions of OCGA § 31-35-1, he offered no admissible evi-

dence in support of this contention. It is undisputed that neither Schildecker nor Bolden prevented Diaz from obtaining a vaccination from his own personal physician or elsewhere.

Diaz admits that he never made a request to either Schildecker or Bolden or the County to be vaccinated or to be reimbursed for obtaining the vaccination at his own expense. In fact, Diaz conceded that he was not aware that a vaccine for hepatitis B was available. Diaz also admitted that he never sought to be vaccinated before coming into contact with Harris or before testing positive for the disease in November 1991.

Inasmuch as the record contains no evidence that Schildecker or Bolden acted maliciously, wilfully, or corruptly, there was no waiver of their official immunity. *McDay*, 204 Ga. App. at 622 (2). For the above reasons, the trial court did not err in granting summary judgment.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED MARCH 31, 1997.

*Carla E. Brown*, for appellant.

*Boyce, Ekonomou & Atkinson, John E. Underwood, Sr.*, for appellees.