A01A0614. CARTER v. GLENN et al.
(548 SE2d 110)

BARNES, Judge.
Yula Carter appeals the trial court's grant of summary judgment to Lithonia's mayor and police chief in this action alleging that a former Lithonia police officer raped her. She contends that the two defendants were not entitled to official immunity. We disagree and affirm.

Carter sued Paul Wade, alleging that he raped her while he was on duty as a Lithonia police officer. She also sued Lithonia's mayor, Marcia Woods Glenn, and its police chief, Jerome Woods, both officially and individually, as well as the City of Lithonia itself. We previously affirmed the trial court's grant of summary judgment to the City, Glenn, and Woods on Carter's federal civil rights claim under 42 USC § 1983, finding the trial court did not err in concluding that Carter presented no evidence the city had a custom or policy of condoning such actions. *Carter v. Glenn*, 243 Ga. App. 544 (533 SE2d 109) (2000). We further affirmed the trial court's grant of summary judgment to the city on Carter's state law claims because Carter failed to give the required ante litem notice, but reversed as to Glenn and Woods because the ante litem notice issue applied only to the municipality. Id. at 550-551.

On remand, Glenn and Woods moved for summary judgment on the ground that they were entitled to official immunity, as well as on other grounds. The trial court granted the motion, finding that the

> individual acts alleged and supported by the evidence constitute discretionary acts. Therefore, individual liability can attach only if those acts were done with actual malice or actual intent to cause injury. [Cit.] Absent evidence of actual malice, Glenn and Woods are entitled to immunity for the performance of these official discretionary duties. [Cit.] There is no evidence that these acts resulted from actual malice or intent to cause injury. Therefore, the individuals are clothed with official immunity and they can have no personal liability for the acts alleged, even if they occurred.

In reviewing the grant or denial of summary judgment, this court conducts a de novo review of the evidence. *Goring v. Martinez*, 224 Ga. App. 137, 138 (2) (479 SE2d 432) (1996). As the movants for summary judgment, Glenn and Woods had the burden to show there was no genuine issue of material fact for trial and that the undisputed facts, viewed in the light most favorable to the plaintiffs, warranted judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

1. We first consider Carter's contention that the city's purchase of liability insurance waived Glenn's and Woods' immunity under OCGA § 33-24-51 (b). That statute provides:

> Whenever a municipal corporation, a county, or any other political subdivision of this state shall purchase the insurance authorized by subsection (a) of this Code section to provide liability coverage for the negligence of any duly autho-

> rized officer, agent, servant, attorney, or employee in the performance of his official duties, its governmental immunity shall be waived to the extent of the amount of insurance so purchased. . . .

Carter fails to point out, however, that OCGA § 33-24-51 (a) limits the immunity waiver to insurance covering liability "arising by reason of ownership, maintenance, operation, or use of any motor vehicle by the municipal corporation." Because Carter's cause of action does not arise out of the use of a motor vehicle, the city's purchase of liability insurance did not waive the immunity of its mayor and police chief. *Harry v. Glynn County*, 269 Ga. 503, 504 (1) (501 SE2d 196) (1998); *Lincoln County v. Edmond*, 231 Ga. App. 871, 873 (1) (501 SE2d 38) (1998).

2. We next consider whether the trial court correctly held that Glenn and Woods, who were sued individually, are entitled to official immunity from claims brought against them in their personal capacities. The 1991 amendment to the Georgia Constitution provides that such officials "may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions." Art. I, Sec. II, Par. IX (d), Ga. Const. (1983). In other words, public officials are immune from damages that result from their performance of discretionary functions, unless those functions were undertaken with malice or intent to cause injury. *Schmidt v. Adams*, 211 Ga. App. 156 (438 SE2d 659) (1993). Carter does not allege that Glenn or Woods acted with malice or intent to cause injury, so if the damages complained of arise from discretionary actions, the employees have official immunity. If the damages arise from the performance or nonperformance of ministerial duties, the employees do not have official immunity.

> [The decision of whether acts of a public official] are ministerial or discretionary is determined by the facts of the particular case. A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed.

(Citations and punctuation omitted.) *Stone v. Taylor*, 233 Ga. App. 886, 888 (2) (506 SE2d 161) (1998).

While the act of establishing a policy in the first place is discretionary, the acts of following established policies of inspecting and monitoring are ministerial tasks. *Woodard v. Laurens County*, 265 Ga. 404, 407 (2) (456 SE2d 581) (1995); *Joyce v. Van Arsdale*, 196 Ga. App. 95, 96 (395 SE2d 275) (1990). Carter alleges that Glenn and Woods negligently hired and retained Wade. She further argues that Glenn and Woods failed to perform adequate background checks on Wade and that such background checks were ministerial functions.

"The operation of a police department, including the degree of training and supervision to be provided its officers, is a discretionary governmental function of the municipality as opposed to a ministerial, proprietary, or administratively routine function. [Cits.]" *McDay v. City of Atlanta*, 204 Ga. App. 621 (1) (420 SE2d 75) (1992). Liability may be imposed as a result of the exercise of such a discretionary function only when the acts complained of are done within the scope of the officer's authority and with wilfulness, malice or corruption. Id. There has been no showing of any conduct by [Mayor Glenn or Police Chief Woods that] would amount to wilfulness, malice or corruption. Both were entitled to official immunity as a matter of law.

(Footnote omitted.) *Lowe v. Jones County*, 231 Ga. App. 372, 373 (3) (499 SE2d 348) (1998).

3. Finally, Carter argues that the trial court erred in granting summary judgment because it did not construe the evidence in the light most favorable to Carter as the nonmoving party and therefore usurped the jury's function. But if the relevant facts are not in dispute, whether official immunity is applicable is a question of law. *Keenan v. Plouffe*, 267 Ga. 791, 793, n. 1 (482 SE2d 253) (1997). Here, the facts relevant to whether immunity is applicable are not in dispute; no factual issue exists regarding whether the acts of the mayor and police chief in hiring and retaining Wade are discretionary or ministerial. The trial court did not err.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED APRIL 27, 2001.

*James C. West III*, for appellant.

*Hawkins & Parnell, Michael J. Goldman, Michelle D. Coburn*, for appellees.