## A02A2140. BATEAST v. DEKALB COUNTY et al.
### (572 SE2d 756)

BLACKBURN, Chief Judge.

In this action for false arrest and malicious prosecution, Elnora Bateast appeals the trial court's grant of summary judgment to Tracy Bernard Goggins and Charles M. Franklin, contending that a question of fact remains whether these two DeKalb County police officers acted with actual malice by falsely accusing and arresting her for giving a false name and date of birth.[1] For the reasons set forth below, we reverse.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[2]

Viewed in this light, the record shows that, on October 13, 1998, Officers Goggins and Franklin stopped Bateast's vehicle in which she was riding as a passenger because the vehicle had expired drive-out tags. Bateast's boyfriend, who was driving the car, had a suspended license, and he was arrested. Officer Goggins then approached Bateast to determine if she would be able to drive the car away from the scene.

According to Bateast's testimony, Officer Goggins requested some identification, and she told him her name and handed him a work photo identification badge and her Mississippi birth certificate with her Social Security number printed on it. Officer Goggins then went to his patrol car, returned to Bateast, told her that he had not been able to find her in the system, and asked her if there was another name that she used. Bateast responded, "Nora," and Officer Goggins returned to his patrol car. Officer Goggins approached Bateast again, told her that he still could not find her in the system, and asked if she were lying. Bateast responded that she was not and informed Officer Goggins that she had previously interviewed with the DeKalb County Sheriff's Department which would have a record of her visit. Officer Goggins then asked for a driver's license, and

---

[1] Although Bateast originally sued DeKalb County as well, her lawsuit was dismissed against the County, and Bateast has not appealed this dismissal. As such, we do not consider it here.

[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Bateast complied, handing him a Mississippi license on which her last name had been misspelled "Bateaste." Bateast testified that she informed Officer Goggins of this alternative spelling. Officer Goggins then took Bateast's license and a proof of insurance card and returned to his patrol car.

Bateast testified that, when Officer Goggins returned again, he was very upset with her, cursed, and told her that if she did not want to go to jail she should tell him the truth. Bateast told Officer Goggins that she had told the truth, and he thereafter searched her car and arrested her for giving a false name and date of birth. Officer Goggins then returned Bateast's identification to her. Once inside the patrol car, Bateast looked at the patrol car computer screen and saw that both her properly spelled name and a Georgia mailing address had been found. When Bateast asked Officer Goggins about the computer screen, he did not answer and turned off the monitor.

The personal property inventory sheet completed during Bateast's booking shows that her purse contained her birth certificate, her Mississippi driver's license, and an employee photo identification. In a subsequent bench trial, Bateast was found not guilty of providing a false name and date of birth.

In cases such as this, an officer performing a discretionary act is entitled to official immunity unless he or she "act[ed] with actual malice or with actual intent to cause injury." *Todd v. Kelly*.[3] See also *Merrow v. Hawkins*.[4] "[Official] immunity protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without wilfulness, malice or corruption." (Punctuation omitted.) *Sommerfield v. Blue Cross &c. of Ga.*[5] In turn, actual malice as used in the context of official immunity requires a deliberate intention to do wrong. *Merrow*, supra.

Under Bateast's version of the facts, which we must accept, Bateast provided Officers Goggins and Franklin with documents clearly showing her name and date of birth prior to the time that they decided to arrest her. This, in turn, would allow a jury to make a reasonable inference that Officers Goggins and Franklin proceeded in their arrest of Bateast despite their knowledge that she had not committed the crimes for which they accused her, thereby deliberately intending to do a wrongful act. Accordingly, whether the officers acted with actual malice in this case remains a question of fact, and the grant of summary judgment must be reversed.

Although Officers Goggins and Franklin testified that Bateast

[3] *Todd v. Kelly*, 244 Ga. App. 404, 406 (1) (535 SE2d 540) (2000).
[4] *Merrow v. Hawkins*, 266 Ga. 390 (467 SE2d 336) (1996).
[5] *Sommerfield v. Blue Cross &c. of Ga.*, 235 Ga. App. 375, 376 (1) (509 SE2d 100) (1998).

never provided them with any proper identification during the stop, the outcome here does not change. On a motion for summary judgment, we must accept the nonmovant's version of the facts as true. *Matjoulis*, supra. Ultimately, it will be up to the trier of fact to determine whether Bateast or the arresting officers are telling the truth in this matter.

*Judgment reversed. Johnson, P. J., and Miller, J., concur.*

DECIDED OCTOBER 22, 2002.

*Herald J. Alexander*, for appellant.
*Charles G. Hicks, William J. Linkous III, Elizabeth B. Taylor*, for appellees.