**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 26, 2014**

# In the Court of Appeals of Georgia

A13A1921. JACKSON et al. v. PAYNE.

RAY, Judge.

Brooke Payne brought suit against Fulton County Sheriff Theodore Jackson, Deputy Anthony Robinson, Deputy Clinton McCrory, and others seeking damages arising out of the execution of a writ of fieri facias ("fi. fa."). Payne alleges that, after the deputies confronted him in a public place and took all of his personal possessions pursuant to the fi. fa., the deputies then detained him, forced him into the back of a sheriff's car, and took him against his will to his hotel room several miles away to seize other personal property located therein. Payne seeks damages based on the deputies' conduct, which includes imprisonment for a debt, illegal detention, malicious and wrongful use of process, and intentional infliction of emotional

distress. Payne sued Sheriff Jackson in his individual and personal capacity, alleging that he failed properly to

supervise and train his deputies with respect to the execution of fi. fas., and failed to

promulgate rules and establish policies to prevent illegal detention and false arrest

during the execution of a fi. fa.[1]

The defendants filed a motion for summary judgment asserting, inter alia, that

the suit was barred under the doctrine of official immunity. The trial court denied the

defendants' motion summary judgment, and they appeal. For the reasons that follow,

we affirm in part and reverse in part.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant [or denial] of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation and footnote omitted.) *Bateast v. DeKalb County*, 258 Ga. App. 131, 131

(572 SE2d 756) (2002).

---

[1] The trial court dismissed Payne's claims against Jackson in his official capacity as sheriff, but allowed the claims against him to proceed in his individual and personal capacity.

2

1. The defendants contend that the trial court erred when it denied their motion for summary judgment on the issue of official immunity with regard to the deputies' actions during the execution of the fi. fa. We find that denial of summary judgment on this issue was proper.

Under the doctrine of official immunity, "a public officer or employee may be personally liable for his negligent ministerial acts, [but] he may not be held liable for his discretionary acts unless such acts are willful, wanton, or outside the scope of his authority." (Citations omitted.) *Gilbert v. Richardson*, 264 Ga. 744, 752 (6) (452 SE2d 476) (1994) (physical precedent only); *McDay v. City of Atlanta*, 204 Ga. App. 621, 621-622 (1) (420 SE2d 75) (1992). We are aware of no authority under which a law enforcement officer may detain or take a judgment debtor into custody during the execution of a fi. fa., absent exigent circumstances or probable cause to believe that the debtor had committed a crime.

Under the facts set forth in Payne's verified complaint, the deputies approached Payne at Center Stage, which is a concert venue in Atlanta, for the purpose of executing the fi. fa. After seizing all of the personal property that Payne had in his possession, the deputies then allegedly forced him to get into their sheriff's car and transported him against his will to his hotel room several miles away. There, they

compelled Payne to give them access to his hotel room for the purpose of seizing more of his personal property.

Although Payne made several requests that he be allowed to leave the hotel room and to speak with his attorney, the deputies detained Payne and told him that he could not leave the room or speak to his attorney. Payne was held against his will in the hotel room for more than an hour, during which time Payne was ordered to remove his clothes. Ultimately, the deputies seized all of his personal possessions from the hotel room, including his clothes, and he was left there wearing only his underwear.

After the execution of the fi. fa., the deputies completed an incident report. The report indicates that Payne had been arrested at some point during the execution of the fi. fa.

Although Deputy Robinson testified at his deposition that Payne was never under arrest, that he went with the deputies voluntarily, and that he never asked to leave the hotel room, Deputy Robinson's version of the facts is not controlling. On a motion for summary judgment, we must accept the nonmovant's version of the facts as true. *Bateast*, supra. Under Payne's version of the facts, a jury could make a reasonable inference that the deputies arrested Payne during the execution of the fi.

4

fa. and detained him without authority, thereby deliberately intending to do a wrongful act. Accordingly, whether the deputies acted with actual malice or outside the scope of their authority in this case remains a question of fact. Id. at 132.

2. Sheriff Jackson contends that the trial court erred when it denied the motion for summary judgment on the issue of official immunity with respect to Payne's claims against him based on negligent supervision and training. We agree.

In his complaint, Payne alleges that Sheriff Jackson is liable for damages because he failed adequately to train and supervise the deputies regarding the execution of fi. fas. Specifically, Payne alleges that Sheriff Jackson failed to promulgate, institute, or establish policies or procedures to prevent the illegal detention or arrest of debtors during the execution of fi. fas. and, thus, "fail[ed] to [exercise] ordinary care and diligence to prevent such wrongs from occurring[.]"

At his deposition, Deputy Robinson testified that the Sheriff's Department provided him with training concerning the execution of fi. fas. "maybe once every four or five years." Deputy Robinson further testified that the policies of the Sheriff's Department basically state (i) where the deputies were permitted to execute the fi. fas., and (ii) what property may be seized. He testified further that he was unaware of any Sheriff's Department policies or procedures that prohibit the detention or arrest

5

of a debtor during the execution of a fi. fa., and that he had never received any instruction about whether it would be permissible to detain or restrict the freedom of movement of a debtor for the purpose of executing a fi. fa.

"[T]his Court has consistently held that the operation of a police department, including the degree of training and supervision to be provided its officers, is a discretionary governmental function as opposed to a ministerial, proprietary, or administratively routine function." *Harvey v. Nichols*, 260 Ga. App. 187, 191 (1) (a) (581 SE2d 272) (2003). See *Carter v. Glenn*, 249 Ga. App. 414, 416 (2) (548 SE2d 110) (2001); *Bontwell v. Dept. of Corrections*, 226 Ga. App. 524, 527-528 (4) (a) (486 SE2d 917) (1997) (physical precedent only); *McDay*, supra. Thus, Sheriff Jackson may incur liability as a result of the exercise of such a discretionary function only when the acts complained of are done with willfulness, malice, or corruption. *Carter*, supra. Payne has failed to meet this requirement.

Although our Supreme Court has acknowledged that a sheriff might be held liable for negligent supervision when sued in his personal capacity, *Seay v. Cleveland*, 270 Ga. 64, 65 (1) (508 SE2d 159) (1998), the Court further noted that a sheriff would still be protected from such a suit to the extent that official immunity applies. Id. at 65 (1), n. 1.

6

As Payne has offered no evidence that Sheriff Jackson acted with malice or deliberate indifference to a known risk of harm with regard to the supervision and training of his deputies, the trial court erred in denying summary judgment to Sheriff Jackson on the issue of official immunity with respect to these claims.[2]

*Judgment affirmed in part and reversed in part. Barnes, P. J. concurs, and Miller, J., concurs as to Division 1 and concurs in judgment only as to Division2.*

---

[2] Payne's argument that liability can be imposed on Sheriff Jackson based upon OCGA § 15-16-24 (2) is without merit.