**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 19, 2015**

# In the Court of Appeals of Georgia

A14A1703, A14A1704. GRANT v. THE PHOENIX ON
    PEACHTREE CONDOMINIUM ASSOCIATION, INC. et al.,
    and vice versa.

McFADDEN, Judge.

The Phoenix on Peachtree Condominium Association, Inc. ("the association"), filed a complaint against Deon Grant, claiming that he had violated condominium rules by installing reflective tinting to the windows in his unit. Grant answered the complaint and filed a six-count counterclaim against the association and its president, Steve Marshall. Counts one and two of the counterclaim alleged breach of association bylaws; count three alleged breach of fiduciary duty; count four alleged violations of the Georgia Fair Housing Act; count five sought punitive damages; and count six sought attorney fees. The association and Marshall moved for summary judgment on all counts of the counterclaim. The trial court granted summary judgment to the

association and Marshall as to count four of the counterclaim, but denied summary judgment as to all other counts.

In Case No. A14A1703, Grant appeals from the grant of summary judgment as to count four of his counterclaim.[1] In Case No. A14A1704, the association and Marshall cross-appeal, challenging the denial of summary judgment on the remaining counts of the counterclaim. Having reviewed the evidence in the light most favorable to non-movant Grant, we find no evidence to support Appellant's claim of unequal treatment based on race or to support any of Grant's other allegations of misconduct. We therefore hold that the trial court correctly found that there exist no genuine issues of material fact as to count four, but erred in finding that there remain genuine issues of material fact as to the other counts. Accordingly, we affirm the judgment of the trial court in Case No. A14A1703, but reverse in Case No. A14A1704.

*Case No. A14A1703*

1. *Motion to amend counterclaim.*

Grant first contends that the trial court erred in denying his motion for leave to amend count four of his counterclaim by adding a claim under OCGA § 8-3-222

---

[1] The association and Marshall's motion to dismiss the appeal in Case No. A14A1703 is hereby denied.

of the Georgia Fair Housing Act to the claim originally asserted under OCGA § 8-3-202. As an initial matter, we note that Grant had the right to amend his counterclaim "as a matter of course and without leave of court at any time before the entry of a pretrial order." See OCGA § 9-11-15 (a). Regardless, Grant has not pointed to any ruling by the trial court denying the filing of the proposed amendment and it in fact appears from the record that there was no denial of the right to file the proposed amendment. Indeed, the trial court expressly referred to the proposed amendment in its summary judgment order and included that proposed claim in its ruling as to count four. The trial court ruled, "The Motion for Summary Judgment as to Count IV of the Counterclaim is granted. Count IV of the Counterclaim is dismissed, *including the proposed amendment to Count IV*, as to against both the Association and Marshall." (Emphasis supplied.) Because Grant has failed to show any ruling by the trial court denying the filing of the proposed amendment, this enumeration presents no basis for reversal.

2. *Summary judgment on count four.*

Grant contends that the trial court erred in granting summary judgment to the association on count four of his counterclaim because there are genuine issues of

3

material fact as to whether the association violated OCGA §§ 8-3-202 (a) (2) and 8-3-222 of the Georgia Fair Housing Act. The contention is without merit.

> To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. A defendant may do this by either presenting evidence negating an essential element of the plaintiff's claims or establishing from the record an absence of evidence to support such claims. Once a defendant moving for summary judgment discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. We review a grant of summary judgment de novo and construe the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Brown v. Seaboard Constr. Co.*, ___ Ga. App. ___ (1) (Case No. A14A1863, decided February 25, 2015) (citations and punctuation omitted).

a. *Claim under OCGA § 8-3-202 (a) (2).*

OCGA § 8-3-202 (a) (2) provides that it is unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, disability, familial status, or national origin[.]" One of the general purposes of the Georgia Fair Housing Act is to safeguard individuals from racial discrimination relating to the sale of a dwelling. *Coldwell Banker Real Estate Corp. v. Degraft-Hanson*, 266 Ga. App. 23, 27 (2) (596 SE2d 408) (2004). Thus, in order

4

to prevail on a claim under OCGA § 8-3-202 (a) (2), a plaintiff "must demonstrate unequal treatment on the basis of race that affects the availability of housing." *Bailey v. Stonecrest Condo Assn.*, 304 Ga. App. 484, 487-488 (1) (696 SE2d 462) (2010) (citation and punctuation omitted).

In this case, Grant, who is African-American, claims discrimination based on race. The association and Marshall, however, have shown that there is a lack of evidence of unequal treatment based on race or that the availability of housing to Grant has been affected. The burden on summary judgment thus shifted to Grant to point to some evidence giving rise to a triable issue. *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010). But Grant has failed to do so, pointing to no evidence showing either unequal treatment based on race or that the association and Marshall did anything that adversely affected the availability of housing to him.

With regard to the availability of housing, it is undisputed that Grant owns the condominium unit in question and it is his residence. The record plainly shows that this case simply involves a dispute over window tinting in Grant's unit, not the availability of housing. Accordingly, in the absence of any evidence that Grant has been denied housing, the trial court correctly granted summary judgment as to any claim under OCGA § 8-3-202 (a) (2).

5

Moreover, Grant has pointed to no evidence of unequal treatment based on race. In attempting to meet his burden of showing a triable issue, Grant points to Marshall's deposition testimony that glass windows can be reflective to some degree; that other windows on the building were tinted; and that another unit also has reflective tinting, but its owner, who is Caucasian, has not been fined. However, a review of the deposition testimony cited by Grant reveals that it does not create a genuine issue of material fact as to the question of unequal treatment based on race.

With regard to Marshall's testimony that glass windows, under certain circumstances, can be reflective, any such testimony is irrelevant. The issues in the case have nothing to do with the reflectivity of glass, but have to do with the condominium rules regarding window tinting and whether or not Grant violated such rules. Grant's reliance on testimony concerning glass being reflective under certain conditions is misplaced.

As for other windows in the building being tinted, Marshall testified that three-fourths "of windows in the building are tinted, and only one has a reflective nature. It's Mr. Deon Grant's [unit]." Marshall further testified that the windows in Grant's unit have "a silver aluminum tin foil reflection [visible from] as far away as a quarter of a mile." Marshall explained that under the condominium rules, all window tinting

6

has to be non-reflective and that "[t]here's only one window in the building that has an aluminum tin foil reflection. It's Mr. Grant's [unit]. Not another window that I've seen in this discussion that we've had has an aluminum tin foil reflection and is in violation of the rules of the building." Thus, while Grant is correct in noting that Marshall testified that other units have window tinting, it is apparent that Marshall was distinguishing those units with purportedly conforming non-reflective tint from Grant's allegedly non-conforming reflective window tint. Such testimony does not create a genuine issue of material fact.

Finally, as for Grant's claim that Marshall testified that another unit, with a Caucasian owner, had reflective window tinting, Marshall actually testified that he had observed that unit and it does *not* have reflective window tinting. He further testified that regardless of any tinting in those windows, the unit had been "grandfathered in" ten years earlier by the developer of the building and was therefore out of the association's control. The building's property manager also testified that those windows had been installed by the developer and that he does not know of any windows on the building having a reflective appearance other than those in Grant's unit. Accordingly, not only has Grant failed to cite any evidence showing that the other unit in question actually had reflective window tint, but he has also failed to

refute the evidence that the windows in that specific unit had been installed by the developer many years earlier and had grandfathered status.

Grant has failed to meet his burden of pointing to evidence in the record creating a genuine issue of material fact and "[i]t is not the function of this [c]ourt to cull the record on behalf of a party in search of instances of error. The burden is upon the party alleging error to show it affirmatively in the record." *Bailey*, supra at 489 (1) (a) (citation and punctuation omitted). Because Grant has not shown that there exists a triable issue, the trial court did not err in granting summary judgment as to his claim under OCGA § 8-3-202 (a) (2).

b. *Claim under OCGA § 8-3-222.*

OCGA § 8-3-222 provides that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of such person's having exercised or enjoyed, or on account of such person's having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this article." In order to prevail on a claim under this code section, a plaintiff must show that "(1) a defendant coerced, intimidated, threatened or interfered; (2) with a (a) plaintiff's exercise of a right under the Act; (b) plaintiff's enjoyment of a housing right after exercise of that right; or (c) plaintiff's aid or

8

encouragement to a protected person to exercise or enjoy a housing right; (3) because of discriminatory animus." *Bailey*, supra at 493 (2).

Here, Grant relies on the same evidence discussed above to claim that there is a genuine issue of material fact as to whether the association enforced the rule against reflective window tinting only against him and not against Caucasian condominium unit owners who also had reflective window tinting. He thus reasons that such selective enforcement of the rule was a pretext for racial discrimination that supports his claim under OCGA § 8-3-222. However, as explained above, the evidence cited by Grant does not show unequal treatment based on race and he has pointed to no other evidence of the discriminatory animus required to support a claim under OCGA § 8-3-222. Accordingly, "summary judgment [was] appropriate because the evidence fail[ed] to establish discrimination." *Lawrence v. Courtyards at Deerwood Assn.*, 318 FSupp.2d 1133, 1146 (III) (B) (2) (a) (S.D. Fla. 2004) (involving claims under the federal Fair Housing Act, which is nearly identical to the Georgia Fair Housing Act, see *Bailey*, supra at 487 (1)).

*Case No. A14A1704*

3. *Breach of bylaw by the association.*

9

The association asserts that the trial court erred in denying summary judgment as to count one of the counterclaim, in which Grant claims that the association breached a bylaw which provides that the association shall have the power of "making and amending rules and regulations and imposing sanctions for violation thereof, including, without limitation, monetary fines." We agree with the association that Grant has failed to show the existence of any genuine issue of material fact as to this claim.

> In the context of decision making by homeowners' associations and condominium associations, our Supreme Court has held that "where, as here, the declaration delegates decision-making authority to a group and that group acts, the only judicial issues are whether the exercise of that authority was procedurally fair and reasonable, and whether the substantive decision was made in good faith, and is reasonable and not arbitrary and capricious."

*Bailey*, supra at 494 (3) (citations and punctuation omitted), quoting *Saunders v. Thorn Woode Partnership L.P.*, 265 Ga. 703, 704 (2) (462 SE2d 135) (1995).

Here, Grant has made no showing that the association's exercise of its authority was procedurally unfair or that its substantive decisions were not made in good faith and were unreasonable. Grant claims that the association acted unfairly and thus breached the bylaw by enforcing the window tint rule against him based on his race, while not enforcing the same rules against other condominium unit owners. Grant

10

again cites the same deposition testimony of Marshall discussed above as evidence supporting this claim. But as explained above, the evidence relied on by Grant does not establish unfair treatment based on race. Accordingly, Grant has failed to carry his burden of showing that there exists a triable issue.

4. *Breach of bylaw by Marshall.*

The association and Marshall contend that the trial court should have granted summary judgment on count two of the counterclaim, in which Grant claims that Marshall violated a bylaw prohibiting conflicts of interest because he had a relationship with a window tinting company called Solar Eclipse. In support of summary judgment, the association and Marshall point out that at his deposition, Grant was asked if he was asserting that Marshall had a connection with Solar Eclipse, and Grant testified, "I have no idea." And when asked if he had any factual knowledge of such a connection, Grant reiterated, "No. I never stated that."

In his appellate brief, Grant purports to refute this testimony by citing to a specific page of his own deposition as providing evidence that Marshall had said he had a "special relationship" with Solar. However, no such testimony appears at that page of Grant's deposition. And although we need not cull the record on Grant's behalf, we have reviewed Grant's entire deposition and have found testimony that

11

Marshall recommended Solar Eclipse to Grant's assistant as a contractor who had done window tint work in the building before, but have not found testimony in his deposition establishing a "special relationship" between Marshall and Solar. Moreover, even if Grant had pointed to some evidence showing such a relationship, he has not cited to any further evidence showing that such a purported relationship would violate the bylaw in question. Because Grant has not carried his burden of pointing to evidence creating a genuine issue of material fact, the association and Marshall were entitled to summary judgment on this claim. See OCGA § 9-11-56 (e) (adverse party to motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial, and if he does not, then summary judgment shall be entered against him).

5. *Breach of fiduciary duty.*

The association and Marshall were also entitled to summary judgment on count three of the counterclaim, alleging that they had breached some fiduciary duty to Grant by enforcing the window tinting rule against him. Once again, Grant relies on the same deposition testimony of Marshall discussed above in an attempt to show

12

racial discrimination. But as previously explained, the testimony cited by Grant does not create a genuine issue of material fact as to racial discrimination.

6. *Punitive damages and attorney fees.*

Because counts five and six of the counterclaim, for punitive damages and attorney fees, are derivative of the other counts, summary judgment should have also been granted on those counts. See *Matthews v. Tele-Systems, Inc.*, 240 Ga. App. 871, 874 (4) (525 SE2d 413) (1999).

*Judgment affirmed in Case No. A14A1703 and judgment reversed in Case No. A14A1704. Andrews, P. J., and Ray, J., concur.*