[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14223
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cv-00034-CDL

ROBERT H. WRIGHT, JR.,

Plaintiff - Appellant,

versus

S/A JERALD WATSON,
JOHN GOODRICH,
Deputy
MIKE PITTS,
Corporal,

Defendant - Appellees,

ROBERT AUSTIN,
ASAC Sergeant, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(July 11, 2018)

Before WILSON, NEWSOM, and FAY, Circuit Judges.

PER CURIAM:

Robert Wright appeals the district court's order granting summary judgment to Harris County Sheriff's Deputy Jerald Watson on Wright's federal and state malicious prosecution claims. Wright filed multiple 42 U.S.C. § 1983 and state law claims against Watson and other officers alleging that they violated his Fourth Amendment rights in obtaining a warrant and searching his house and surrounding property in 2013. The events of the search and Mr. Wright's prosecution are well documented by the district court. *See Wright v. Watson*, 209 F. Supp. 3d 1344, 1352–58 (M.D. Ga. 2016), *aff'd sub nom.*, *Wright v. Goodrich*, 685 F. App'x 731 (11th Cir. 2017). Although the district court granted Watson summary judgment on Wright's federal and state malicious prosecution claims on qualified immunity grounds, it denied Watson qualified immunity as to Wright's Fourth Amendment and parallel state law unlawful search claims. We affirmed the denial of qualified immunity in an interlocutory appeal. *Wright*, 685 F. App'x at 731. Wright's case proceeded to trial, where the jury was tasked with determining whether Watson violated Wright's Fourth Amendment rights in obtaining the warrant to search his home. It concluded that he did not. Wright does not appeal that decision. The sole question before us is whether the district court erred in granting summary

2

judgment to Watson on Wright's federal and state malicious prosecution claims.[1] We find that the district court did not err, and so we affirm.

## I.

We review a grant of summary judgment de novo and apply the same legal standards as the district court. *Kingsland v. City of Miami*, 382 F.3d 1220, 1225 (11th Cir. 2004).

"To establish a federal malicious prosecution claim under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of her Fourth Amendment right to be free from unreasonable seizures." *Id.* at 1234. "[T]he constituent elements of the common law tort of malicious prosecution" in Georgia include: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Wood v. Kesler*, 323 F.3d 872, 882 (11th Cir. 2003).

---

[1] The parties dispute whether Officer John Goodrich is also implicated in this appeal. Wright's brief states that the "sole issue of appeal is the trial court's grant of summary judgment on the federal and state malicious prosecution claims." Jerald Watson was the only defendant granted summary judgment on Wright's malicious prosecution claims. Those claims against John Goodrich were dismissed on 12(b)(6) grounds at an earlier stage in the litigation. But dispelling any doubt is Wright's Notice of Appeal, which clearly states that Wright appeals "that portion of the interlocutory Order of the District Court entered in this action on August 25, 2016 (Doc. 107) granting summary judgment to Defendant Watson on Plaintiff's malicious prosecution claims." ECF Doc. 153 at 1 (Sep. 20, 2017). We therefore conclude that Wright appeals the grant of summary judgment to Watson alone.

Qualified immunity offers complete protection for government officials sued in their individual capacities "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982). To receive qualified immunity, a public official "must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (internal quotation marks omitted). The burden then shifts to the plaintiff to show that the officer's conduct violated a constitutional right that was clearly established. *Id.*

In the Fourth Amendment context, an officer is entitled to qualified immunity in making an arrest so long as there was arguable probable cause for the arrest. *Kingsland*, 382 F.3d at 1232. "Arguable probable cause exists where reasonable officers in the same circumstances and possessing the same knowledge as the Defendant could have believed that probable cause existed to arrest." *Case v. Eslinger*, 555 F.3d 1317, 1327 (11th Cir. 2009) (internal quotation marks omitted). When conducting this inquiry, we ask "whether the officer's actions [were] objectively reasonable regardless of the officer's underlying intent or motivation." *Ferraro*, 284 F.3d at 1195 (internal quotation marks omitted and alteration adopted).

4

Under Georgia law, "an officer performing a discretionary act is entitled to official immunity unless he or she acted with actual malice or with actual intent to cause injury." *Bateast v. Dekalb Cty.*, 572 S.E.2d 756, 757 (Ga. Ct. App. 2002) (internal quotation marks omitted and alteration adopted).

## II.

On appeal, Wright argues that Watson proximately caused him to lose his job and millions of dollars in income because he set a felony prosecution in motion based on false testimony. Specifically, he claims that Watson knowingly presented false information to the issuing magistrate in order to procure a warrant to search Wright's property, and that those statements later served as the basis for the district attorney to prosecute Wright on felony drug charges, despite the fact that the evidence discovered at Wright's house only supported misdemeanor drug charges. Wright does not dispute that Watson was acting within the scope of his discretionary authority.

Wright's malicious prosecution claim faces an uphill battle. A jury already determined that Watson did not violate Wright's Fourth Amendment rights in procuring the search warrant. And Wright admits that Watson had probable cause to seek an arrest warrant for the misdemeanor marijuana drug charges. Therefore, in order to defeat Watson's qualified immunity, Wright must show that no reasonable officer in the same circumstances and possessing the same knowledge

5

as Watson could have believed that probable cause existed to arrest Wright for felony manufacture of marijuana.  He fails to do so.

Multiple officers and police divisions were involved in the search of Wright's property, and Watson was briefed on their observations and evidentiary discoveries prior to seeking both the search and arrest warrants.  The officers' collective knowledge included the discovery of fifty-four marijuana plants growing by a gate adjacent to Wright's property; the observation of multiple common items on the marijuana grow site and Wright's property; the seizure of small quantities of marijuana and marijuana paraphernalia found throughout Wright's property, including a horticultural grow light; and evidence that marijuana plants had been moved prior to the search and flushed down a toilet in Wright's house.  Under these circumstances, a reasonable officer could have believed there was probable cause to arrest Wright for felony manufacture of marijuana under Georgia law.[2] Furthermore, Wright has failed to demonstrate that Watson sought his arrest without probable cause and with actual intent to cause injury.  *Bateast*, 572 S.E.2d at 757.  Accordingly, Watson is entitled to both qualified immunity and official immunity against Wright's federal and state malicious prosecution claims.

**AFFIRMED.**

---

[2] "[I]t is unlawful for any person to manufacture, deliver, distribute, dispense, administer, sell, or possess with intent to distribute any controlled substance."  Ga. Code § 16-13-30(b).

6