**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 15, 2022**

# In the Court of Appeals of Georgia

A22A0296. SCHULTZ v. LOWE.

REESE, Judge.

After his arrest for impersonating an officer, Jefrey Schultz initiated a lawsuit against the arresting officer for false arrest. The trial court granted summary judgment in favor of the arresting officer. For the reasons set forth infra, we affirm.

Viewed in the light most favorable to Schultz, as the non-moving party below,[1] the record shows the following.[2] In 2017, Doraville police officer John Lowe was

---

[1] See *Grant v. Phoenix on Peachtree Condo. Assn.*, 331 Ga. App. 306, 308 (2) (771 SE2d 15) (2015).

[2] The arresting officer tendered a DVD recording of the interaction along with his motion for summary judgment, and the trial court considered the recording in issuing its order. However, that DVD was not transmitted as part of the appellate record. We therefore summarize the facts based on the other evidence in the record and the undisputed facts asserted by both parties. While it was Schultz's burden as the appellant to ensure that the DVD was included, this lapse is ultimately not

patrolling a local school bus stop for the DeKalb County school system. He observed

Schultz pass a school bus while the bus had its warning lights activated and stop sign

deployed. Lowe initiated a traffic stop on Schultz.

Lowe asked Schultz whether he had seen the bus, and Schultz responded that

he had not. Schultz then stated that he had "just passed a 41[.]" A "41" is a common

code used by police officers for motor vehicle accidents. Schultz then asked, "No

courtesy? You can't exercise some courtesy for me?" This type of request for

courtesy is usually made by off-duty police officers. Lowe asked whether Schultz was

aware that passing a stopped school bus was a serious offense, and Schultz

responded, "I understand. I have written a thousand tickets myself."

Lowe asked whether Schultz was "with anyone" and "on the job," and Schultz

responded in the affirmative. Schultz, however, refused to identify his employer,

despite Lowe's repeated requests to do so. Schultz did state that he was POST (Peace

dispositive of the appeal, as explained in Divisions 1 and 2 below. See *Shelton v. State*, 350 Ga. App. 774, 780 (2) n. 17 (830 SE2d 335) (2019); *State v. Young*, 339 Ga. App. 306 n. 5 (793 SE2d 186) (2016); see also Court of Appeals Rule 18 (b) ("[I]t is the burden of the appealing party to ensure that a complete record is transmitted to this Court on appeal, including the transmission of video or audio recordings. . . . The appellant's failure to complete the record may . . . result in this Court declining to consider enumerations of error related to the missing evidence.").

Officer Standards and Training) certified. Lowe ultimately issued Schultz a traffic citation for passing a school bus and allowed Schultz to leave.

Upon further investigation, Lowe discovered that Schultz was not currently employed as a police officer and was last employed as a police officer in 2007. Lowe sought to arrest Schultz for impersonating a police officer,[3] and a magistrate judge signed an arrest warrant. Lowe personally served the arrest warrant with a Cobb County sheriff's deputy at Schultz's home in Marietta. A DeKalb County grand jury subsequently indicted Schultz for impersonating an officer and meeting or overtaking a school bus. Schultz entered into a negotiated plea where he pled guilty to overtaking a school bus and the State nolle prossed the impersonating-an-officer charge.

Schultz filed a complaint against Lowe for false arrest. The trial court granted Lowe's motion for summary judgment, and this appeal followed.

> To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. A defendant may do this by either presenting evidence negating an essential element of the

---

[3] See OCGA § 16-10-23 (2017) ("A person who falsely holds himself out as a peace officer or other public officer or employee with intent to mislead another into believing that he is actually such officer commits the offense of impersonating an officer[.]").

plaintiff's claims or establishing from the record an absence of evidence to support such claims. Once a defendant moving for summary judgment discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. We review a grant of summary judgment de novo and construe the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[4]

With these guiding principles in mind, we now turn to Schultz's claims of error.

1. As an initial matter, Lowe argued in his motion for summary judgment and on appeal that Schultz's exclusive remedy was for malicious prosecution, not false arrest. We agree.

> Georgia law recognizes three different related torts in this area . . . (1) false imprisonment, which is "unlawful" detention without judicial process, or without the involvement of a judge at any point (OCGA § 51-7-20); (2) false or malicious arrest, which is detention "under process of law" (OCGA § 51-7-1); and (3) malicious prosecution, which is detention with judicial process followed by prosecution (OCGA § 51-7-40).[5]

---

[4] *Grant*, 331 Ga. App. at 307-308 (2) (citation and punctuation omitted).

[5] *Ferrell v. Mikula*, 295 Ga. App. 326, 329 (2) (672 SE2d 7) (2008).

"If after the arrest the warrant is dismissed or not followed up, the remedy is for false arrest. But if the action is carried on to a prosecution, an action for malicious prosecution is the exclusive remedy, and an action for false arrest will not lie."[6] "The distinction is important because malicious prosecution and false arrest are mutually exclusive; if one right of action exists, the other does not."[7]

In this case, Schultz was indicted by a grand jury for impersonating an officer, and he negotiated with the prosecutor to nolle prosequi the charge. Under these circumstances, the action was carried on to a prosecution, and thus malicious prosecution was Schultz's exclusive remedy.[8] Accordingly, the trial court did not err in granting summary judgment on this ground.[9]

---

[6] *Sheffield v. Futch*, 354 Ga. App. 661, 665 (1) (839 SE2d 294) (2020) (citation and punctuation omitted).

[7] Id. (citation and punctuation omitted).

[8] See *Sheffield*, 354 Ga. App. at 665-666 (1) (holding that the arrest proceeded to prosecution where the plaintiff was brought before a judge who set his bond).

[9] See id.; see also *Stephens v. Zimmerman*, 333 Ga. App. 586, 590 (1) (a) (774 SE2d 811) (2015) (physical precedent only).

Even assuming arguendo that Schultz's complaint, liberally construed, asserted a claim for malicious prosecution, Lowe is entitled to official immunity, as explained below.

2. In several related claims of error, Schultz argues that, when the facts are viewed in the light most favorable to him, the trial court erred in finding that there was probable cause for the impersonating-an-officer charge such that Lowe was entitled to official immunity.

"The doctrine of official immunity offers public officers and employees limited protection from suit in their personal capacities."[10] Under the Georgia Constitution,

> all officers and employees of the state or its departments and agencies may be subject to suit and may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and *may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions.*[11]

"Malice is an element of malicious prosecution and may be inferred by a total lack of probable cause. Our initial inquiry, however, is not whether [Lowe] acted maliciously

---

[10] *Wilson v. Cromer*, 356 Ga. App. 763, 765 (1) (847 SE2d 213) (2020) (citation and punctuation omitted).

[11] Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d) (emphasis supplied).

for purposes of the tort of malicious prosecution, but whether [he] acted with actual malice that would exempt [him] from official immunity."[12]

In the context of official immunity, actual malice requires a deliberate intention to do wrong and denotes express malice or malice in fact. Actual malice does not include implied malice or the reckless disregard for the rights and safety of others. A deliberate intention to do wrong such as to constitute the actual malice necessary to overcome official immunity must be the intent to cause the harm suffered by the plaintiff. Evidence demonstrating frustration, irritation, and possibly even anger is not sufficient to penetrate official immunity, nor is proof of ill will, unless the ill will is combined with the intent to do something wrongful or illegal.[13]

We have determined that summary judgment on the ground of official immunity was inappropriate where a jury could reasonably infer that the officers knew that the person they arrested "had not committed the crimes for which they accused [him], thereby deliberately intending to do a wrongful act."[14] "In other cases, we have concluded that where an officer's decision to seek warrants might be

---

[12] *Marshall v. Browning*, 310 Ga. App. 64, 67 (712 SE2d 71) (2011) (punctuation and footnotes omitted).

[13] *Wilson*, 356 Ga. App. at 765-766 (1) (citations and punctuation omitted).

[14] *Bateast v. DeKalb County*, 258 Ga. App. 131, 132 (572 SE2d 756) (2002).

7

characterized as 'misguided' there was nevertheless no evidence that the actions were taken with actual malice for purposes of official immunity."[15]

In this case, Lowe's actions do not show actual malice towards Schultz. Schultz contends that his answers as to whether he was "with anyone" referred to his girlfriend in the passenger seat and whether he was "working right now" referred to his job as owner of a security company. However, these answers were ambiguous enough, especially in the context of the conversation, that there was "not such a lack of evidence of [Schultz's] guilt that a trier of fact could infer that [Lowe] pursued [Schultz's] prosecution with the knowledge that he was not guilty and so intended to do wrong."[16] "This case falls well within the underlying rationale for official immunity, which is to preserve the public employee's independence of action without fear of lawsuits and to prevent a review of his or her judgment in hindsight."[17]

---

[15] *Wilson*, 356 Ga. App. at 766 (1) (citation and punctuation omitted).

[16] *Marshall*, 310 Ga. App. at 69.

[17] Id. at 70 (punctuation and footnote omitted).

Accordingly, the trial court did not err in granting summary judgment on the ground that Lowe had official immunity.[18]

3. Schultz argues that he is entitled to recover damages for mental pain and suffering as a result of his false arrest claims. Given our disposition in Divisions 1 and 2 above, we need not address this claim of error.

*Judgment affirmed. Doyle, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*

---

[18] See *Wilson*, 356 Ga. App. at 767 (1) (holding that, even if the arresting officers showed a "reckless disregard" for the plaintiff's rights, the officers were entitled to official immunity); *Hart v. Sirmans*, 336 Ga. App. 212, 216 (1) (784 SE2d 67) (2016) (holding that the alleged use of a racial epithet, without more, entitled the officer to official immunity); *Marshall*, 310 Ga. App. at 70 (holding that an officer was entitled to official immunity when presented with "a difficult investigation," and where a "different investigator may have made choices more favorable to [the plaintiff]").